**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Darren Robert Pedersen, | No. CV-18-00513-TUC-JCH |
| Plaintiff, | **ORDER** |
| v. | |
| Corizon Health Incorporated, et al., | |
| Defendants. | |

Pending before the Court are attorney Ronald Zack's Application to Withdraw as Counsel ("counsel's Motion") (Doc. 163) and accompanying Certificate of Compliance ("Certificate") (Doc. 164), both filed pursuant to Local Rule of Civil Procedure 83.3(b)(2). In its Response, Defendant Corizon Health, Inc., ("Defendant"), indicates that it does not oppose counsel's Motion. (Doc. 165.) In anticipation of new counsel, Defendant moves to stay a ruling on the pending Motion to Reopen Discovery ("Defendant's Motion")[1] (*Id.*). For the following reasons the Court grants Counsel's Motion (Doc. 163) and Defendant's Motion (Doc. 165).

**I.  Motion to Withdraw**

The technical requirements for withdrawing as counsel of record are governed by Local Rule of Civil Procedure ("LRCiv") 83.3(b). *See Bohnert v. Burke*, No. CV-08-2303-PHX-LOA, 2010 WL 5067695, at *1 (D. Ariz. Dec. 7, 2010). An attorney of record may

---

[1] On December 30, 2021, Plaintiff, through his counsel, filed a Motion to Reopen Discovery. (Doc. 157.) Defendant filed a Response to the Motion to Reopen Discovery on January 26, 2022. (Doc. 162.) Plaintiff did not file a reply. (*See* Doc. 161.) As such, the Motion to Reopen Discovery became ripe for consideration on February 2, 2022.

not withdraw "in any pending action except by formal written order of the Court, supported by written application setting forth the reasons therefore together with the name, last known residence and last known telephone number of the client." LRCiv 83.3(b).

Furthermore, where, as here, the motion to withdraw "does not bear the written approval of the client, it shall be made by motion and shall be served upon the client and all other parties or their attorneys." LRCiv 83.3(b)(2). Further, the motion must be accompanied by a certificate indicating "the client has been notified in writing of the status of the case including the dates and times of any court hearings or trial settings, pending compliance with any existing court orders and the possibility of sanctions…" LRCiv 83.3(b)(2)(A). Aside from the technical requirements of LRCiv. 83.3, a district court must also consider several factors including: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case. *Bohnert*, 2010 WL 5067695, at \*1; *see Chaker v. Adams*, 2012 WL 4848962, at \*1 (S.D.Cal. Oct. 10, 2012).

As an initial matter, counsel's Motion fulfills the technical requirements of LRCiv. 83.3. The Certificate indicates that Plaintiff is aware of counsel's Motion to Withdraw, and Plaintiff has been apprised of all pending dates and deadlines in this matter. (Doc. 164.) Further, Plaintiff "has been informed in writing that a Response to Plaintiff's Motion [to Reopen Discovery] (Doc. 162) was filed with this Court on January 26, 2022. Plaintiff did not prepare a Reply Brief due on February 2, 2022." (*Id.* at 1.) Lastly, counsel provides the "last known residence and last known telephone number of the client." (*Id.* at 2.)

The Court now turns to its evaluation of the factors. Plaintiff's counsel indicates that he has parted ways with his law partner, their firm has dissolved, and he is now actively engaged in re-building his practice and maintaining his office. (Doc. 163 at 2.) Moreover, Plaintiff's counsel indicates that it would be unduly burdensome to continue in this case as he lacks the time and effort necessary for effective and competent representation in this

case going forward. (*Id.*) Defendant does not object to counsel's Motion or argue that they would be prejudiced by delay. (*See* Doc. 165.)

At this point the only factors counseling hesitation in granting Counsel's Motion are the delay suffered by Plaintiff in resolving his claims and the timely administration of justice. This case has been pending since 2018. However, as noted by Plaintiff's counsel, no trial date has been set in this matter and there are no current deadlines. Further, the case has already advanced passed the summary judgment phase. Moreover, the Court has already found exceptional circumstances to appoint counsel, "[i]n light of both a likelihood of success on the merits and the legal complexities of trial procedure." (*See* Doc. 141 at 38.) The benefit to Plaintiff in having another pro bono attorney appointed in his case outweigh the Court's concerns regarding delay. The Court will grant counsel's Motion (Doc. 163).

## II. Motion to Stay Ruling

Ripe for the Court's consideration is Plaintiff's Motion to Reopen Discovery. (Doc. 157.) Defendant request that the Court defer ruling on the motion for at least 90 days. (*Id.*) The Court agrees that deferring a decision is best in light of Plaintiff's counsel's withdrawment from the case. At this point, it remains unclear whether new counsel will seek leave to supplement, modify, or withdraw the pending Motion to Reopen Discovery. As such, the Court will stay a ruling on the pending Motion to Reopen Discovery for 90 days.

…

### III. Order

**IT IS ORDERED GRANTING** the Application to Withdraw as Counsel (Doc. 163). A separate appointment of attorney order will issue pursuant to General Order 19-15.

**IT IS FURTHER ORDERED GRANTING** Defendant's Motion to Stay Ruling. (Doc. 165.) **THE COURT WILL STAY ITS RULING** on Plaintiff's Motion to Reopen Discovery, (Doc. 157), for a period of 90 days. The Court will defer ruling until such time that new counsel is appointed and has had an opportunity to review the Motion to Reopen Discovery.

**IT IS FURTHER ORDERED** directing the Clerk of Court to send a copy of this Order to all counsel and Plaintiff.

Dated this 7th day of March, 2022.

Honorable John C. Hinderaker
United States District Judge