**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Darren Robert Pedersen, | No. CV-18-00513-TUC-JCH |
| Plaintiff, | **ORDER** |
| v. | |
| Corizon Health Incorporated, et al., | |
| Defendants. | |

Before the Court is Plaintiff Darren Robert Pedersen's Motion to Reopen Discovery ("Motion"). (Doc. 157.) Specifically, Plaintiff seeks to reopen discovery to obtain certain documents and depositions that he failed to obtain while incarcerated. (*Id.*) Defendant opposes the Motion. (Doc. 162.) The Court grants the Motion in part and denies the remainder.

**I.  Background**

   **A.  Procedural Background**

This is a § 1983 action by Plaintiff, who is currently confined in the Arizona State Prison Complex (ASPC) – Tucson. Plaintiff initially brought this civil rights action *pro se*. On April 9, 2021, the Court denied summary judgment for Corizon Health Inc. ("Corizon")—allowing Plaintiff's Eighth Amendment claim to proceed—and granted summary judgment as to all remaining Defendants (Doc. 141).

The Court's Order, dated April 9, 2021, indicated it would seek voluntary pro bono counsel for Plaintiff and referred the matter to Magistrate Judge Lynnette C. Kimmins for a settlement conference on June 11, 2021. (Doc. 141 at 38.) On April 19, 2021 Ms. Stacey

Sheff[1] filed a Notice of Limited Scope Appearance which represented that her "scope of representation is to assist with the Settlement Conference ordered by this Court [.]" (Doc. 142.) The matter was referred back to the district court following an unsuccessful Settlement Conference. (Doc. 144).

On September 20, 2021, the Court granted Ms. Scheff's Motion to Withdraw as Plaintiff's Counsel and appointed Ronald Zack, of Zack Schmitz, PLC, to represent Plaintiff. (Doc. 148.) For several months Plaintiff proceeded with Mr. Zack as his counsel. Mr. Zack filed the Motion on December 30, 2021. Corizon filed a response on January 26, 2021. (Doc. 162.) Before the Court ruled on the Motion, Mr. Zack filed a Motion to Withdraw. In anticipation of new counsel, Corizon moved to stay a ruling on the pending Motion. (Doc. 165.) On March 8, 2022, the Court granted Mr. Zack's request to withdraw as counsel and stayed briefing on Plaintiff's Motion. (Docs. 166, 168.)

On July 11, 2022, the Court appointed Patrick E. McCormick, of Lewis Roca Rothgerber Christie LLP, as Plaintiff's counsel. On August 23, 2022, the Court held a status conference on the Motion (*See* Doc. 165). Mr. McCormick indicated he wanted to pursue the Motion and the Court set a reply deadline set for September 2, 2022. (Doc. 178.)

### B. The Motion

Plaintiff seeks to reopen discovery to obtain four depositions and four categories of documents he was unable to secure as an incarcerated pro se party, specifically: (1) Deposition of PA Nick C Salyer;[2] (2) Deposition of Dr. Mandip Bartels; (3) Deposition of Dr. Jennifer Tay; (4) Deposition of a Corizon designee, under FRCP 30(b)(6), on the following topics: (a) Utilization review and management process for requests for outside or off-site referrals; and (b) Plaintiff's requests for outside/off-site referrals from 2013-2019; (5) Litigation documents from 2009-2019 involving 42 USC § 1983 claims for medical injuries made against Corizon, its parents, or subsidiaries, including but not limited to complaints, judgments, and settlements; (6) Monthly Performance

---

[1] Plaintiff retained Ms. Scheff without the Court's involvement.

[2] The Motion refers to PA Nick C. Salyer, whereas the reply refers to NP Salyer. *Compare* Doc. 157 at 3 *with* Doc. 179 at 9. The Court believes both to be the same individual.

Improvement/Continuous Quality Improvement ("MPI/CQI") studies prepared for the Arizona Department of Corrections from 2013-2019 relating to off-site consultations, outside specialists, and/or specialized testing, including but not limited to MRIs, CTs, and EEGs; (7) Documents and communications related to all inmate complaints and grievances against Defendant from 2009-2019 related to allegations of denial or delay of care; and (8) Corizon's financial records, including the financial records from its parents and subsidiaries, from 2013-2019. (*See* Doc. 157 at 5–10.)

## II.     Legal Standard

A scheduling order may be modified only for good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4). The "good cause" standard primarily considers the diligence of the party seeking the amendment. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.1992). A court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* If the party was not diligent, the inquiry should end. *Id.*

Courts consider not only the party's diligence but also the necessity of additional discovery for trial preparation and resolution on the merits. In pro se prisoner cases, Courts have permitted the reopening of discovery following the appointment or retention of counsel after a discovery cutoff date. *See, e.g., Draper v. Rosario*, 2013 WL 6198945, at *1–2 (E.D. Cal. Nov.27, 2013) (ordering discovery reopened for pro se plaintiff who obtained counsel after the discovery cut-off date; counsel alone did not entitle plaintiff to additional discovery, but limited additional discovery would serve the ultimate resolution of case on the merits); *Woodard v. City of Menlo Park*, 2012 WL 2119278, at *1–2 (N.D. Cal. June 11, 2012) (ordering discovery reopened for pro se plaintiff who obtained counsel after the discovery cut-off date, noting that additional fact discovery would serve the interest of justice and the public policy of adjudicating cases on the merits); *Henderson v. Peterson*, 2011 WL 441206, at *2 (N.D. Cal. Feb.3, 2011) (explaining that despite pro se plaintiff's discovery efforts, he was unable to gain access to evidence that he might have obtained had he been represented by counsel).

**III.   Analysis**

    **A. Depositions**

Plaintiff has established good cause for his requested depositions. Plaintiff seeks to depose four individuals, all of whom were previously disclosed in Plaintiff's initial witness list. (*See* Doc. 84.) Despite Corizon's arguments to the contrary, Plaintiff was not dilatory in conducting discovery and attempted to propound Requests for Admissions, and Interrogatories. (*See* Doc. 157 at 12–13.) Plaintiff also filed a Motion to Compel Defendants to Answer Admissions, Interrogatories, and to Produce Documents, (Doc. 76), which the Court granted in part ordering PA Nick Salyer to submit revised responses to Plaintiff's Interrogatories (*See* Doc. 97.) Plaintiff noted his difficulties by moving this Court for a scribe and typewriter. (*See* Docs. 111, 125, 129, 132.) A scribe was assigned to Plaintiff on July 2, 2020. (Doc. 125.) "In many circumstances, a pro se litigant's good faith unsuccessful efforts to obtain discovery meet the standard of good cause." *Lawrence v. City and County of San Francisco*, 2016 WL 3254232, *3 (N.D. Cal. June 14, 2016) (citing *Henderson*, 2011 WL 441206, at *2)).

The Court will permit Plaintiff to depose PA Nick C Salyer, Dr. Mandip Bartels, Dr. Jennifer Tay, and a Corizon designee(s), under Fed. R. Civ. P. 30(b)(6). The proposed depositions will aid in trial preparation and are relevant to both Plaintiff's specific medical care claims and to Corizon's policies and customs. Both PA Salyer and Dr. Tay provided direct medical care to Plaintiff, while Dr. Tay has knowledge regarding the University Medical Center's policies and practices. (*See* Doc. 179 at 6.) Dr. Bartels was the corporate director at Utilization Management ("UM") and has knowledge of the UM process as well as her reasons for denying at least one outside consult request made by PA Salyer. (*Id.*) The unnamed designee will be familiar with the utilization review and management processes governing requests for outside or off-site medical referrals. (*Id.* at 5–6.)

The Court also finds the depositions relevant and proportional in scope under Fed. R. Civ. P. 26(b)(1). Such information will aid in trial preparation and resolving this case on the merits. Moreover, any potential prejudice to Corizon is substantially outweighed by

Plaintiff's need to adequately prepare for trial. *See Woodard*, 2012 WL 2119278, at *1–*2. Although the Court appreciates Corizon's concerns regarding this matter's advanced age, a trial date has not been set nor is any delay attributable to Plaintiff.

## B. Documents

### i. Litigation Documents from 2009-2019

Plaintiff seeks litigation documents in comparable § 1983 cases involving Corizon to establish a custom or policy of unconstitutional deliberate indifference in its medical care for inmates. (Doc. 179 at 7.) More specifically, Plaintiff limits his request to "complaints, settlements, and judgements [sic] against Corizon alleging medical injuries … involving Corizon's employees' failures to follow specialist recommendations and/or medical injuries alleged to have resulted [from] the Utilization Management Team ("UMT") denial of outside (off-site) consultations or requests for specialized tests such as MRIs, CTs, EEGs, or request for outside treatment modalities." (Doc. 157 at 8.) Corizon argues that the requested evidence is irrelevant to Plaintiff's claims, predate the instant claims, risks disclosing meritless claims, and that its policies and procedures are adjusted to account for different types of contracts, different states, and different companies, facilities, and agencies. (Doc. 162 at 5.) Plaintiff replies that Corizon will have an opportunity to distinguish and respond to any evidence offered by Plaintiff and that their objections go to the weight and admissibility of the evidence, rather than grounds for reopening discovery. (*Id.*)

Plaintiff relies on *Pitkin v. Corizon Health, Inc.* Case No. 3:16–cv–02235–AA, 2017 WL 6496565, at *5 (D. Or. Dec. 18, 2017). In *Pitkin*, plaintiffs sought documents relating to "lawsuits and judgments ... alleging negligence and Section 1983 violations … for the ten years [preceding]" detainee's death. *Id.* at *5. There, Corizon withheld responsive documents and objected to the motion to compel as irrelevant, overbroad, disproportionate, and an undue burden. *Id.* The district court found that the plaintiffs sought relief on a *Monell* theory of liability—permitting municipal and other local governments to be held accountable for constitutional deprivations stemming from policy or longstanding

- 5 -

custom—and determined that previous litigation against Corizon "concerning inmate deaths resulting from withdrawal of opiates or other drugs within the last ten years [was] relevant to establishing a policy or custom of depriving inmates of their constitutional rights." *Id.* at *5–*6. The Court also discounted geographical limitations finding that policies, customs, or other aspect of corporate "culture" may manifest in local or regional offices. *Id.* ("So an incident that occurs in Kuna, Idaho or Florence, Arizona might bear a strong connection to one occurring in Hillsboro, Oregon because it occurred under the same regional policy.") Moreover, the Court found Corizon could respond to the request without undue burden. *Id.* at *6 ("A company of Corizon's admitted size and scope presumably has the resources to generate a prompt answer to plaintiffs' request.").

*Pitkin* is instructive and the requested litigation documents are likely relevant to establishing a policy or custom to show Corizon may have deprived Plaintiff of his constitutional rights. Moreover, it appears Plaintiff attempted to previously secure the information he now seeks. (*See* Doc. 76-1, pp. 38, "Interrogatory 7" ("Describe in detail all formal and informal complains [sic] made against you, whether the same resulted in litigation or not and which relate to negligence, gross negligence, deliberate indifference for the rights of an inmate and/or reckless care….")). Furthermore, the stated timeline seems appropriate and although Plaintiff's claims did not allegedly occur until 2015, the relevant inquiry is whether a policy or custom existed, closely preceded, or followed Plaintiff's claim such that it plausibly governed the events in question.

While the Court is inclined to allow discovery in this area, it remains concerned with the breadth and scope of the discovery requested in the Motion. Because discovery must be both relevant *and* proportional to the needs of the case, the right to discovery, even plainly relevant discovery, is not limitless. Neither party briefed the question whether the proposed discovery is *proportional* under Fed. R. Civ. P. 26(b)(1). Also, Plaintiff has new counsel that was not involved in crafting the original Motion or discovery request. As such, the Court will reopen discovery in this area and permit Plaintiff to propound a request for production under Fed. R. Civ. P. 34(a) that seeks documents along the lines requested in

the Motion at Section II.B. Before doing so, however, counsel will meet and confer to discuss the request to produce and how to structure it to best meet the needs of the case. Once the request for production is served, the parties are reminded to meet and confer to try to resolve any impasse that may arise, and, if necessary, follow the expedited process for bringing discovery disputes before the Court.[3]

### ii. MPI/CQI Studies

Plaintiff seeks MPI/CQI studies from between 2013 and 2019 relating to UM requests for off-site consultation or outside specialists and/or specialized testing including, but not limited to MRIs, CTs, and EEGs. (Doc. 157 at 9.) According to Plaintiff, such studies and reports were part of "Corizon's accepted Proposal which apparently formed the contract between ADOC and Corizon." (*Id.*) According to Plaintiff, these studies are expected to establish Corizon's longstanding policy of denying requests for off-site consultations, spending, and testing. (*Id.*)

The Court denies Plaintiff's request as vague and overbroad. There is no indication that Plaintiff previously attempted to secure this type of information and it is unclear whether the studies speak to Corizon or ADOC's conduct or can support any type of culpability relevant to Plaintiff's claims.

### iii. Inmate Complaints and Grievances from 2009-2019

Plaintiff also seeks "all inmate complaints and grievances against Corizon during the years 2009–2019 related to allegations of any inmate problems resulted from delay or denials of requests for outside (offsite) consultations with specialists or requests for offsite

---

[3] The parties shall not file written discovery motions without leave of Court. If a discovery dispute arises, the parties promptly shall contact the Court to request a telephone conference concerning the dispute. The Court will seek to resolve the dispute during the telephone conference and may enter appropriate orders on the basis of the telephone conference. The Court may order written briefing if it does not resolve the dispute during the telephone conference. Moreover, parties shall not contact the Court concerning a discovery dispute without first seeking to resolve the matter through personal consultation and sincere effort as required by Local Rules of Civil Procedure 7.2(j). Any briefing ordered by the Court shall also comply with Local Rule of Civil Procedure 7.2(j).

specialized tests, and/or neglect to follow the recommendations of outside specialists." (Doc. 157 at 9.)

Plaintiff's request is denied as overbroad and burdensome. Although Plaintiff made a similar request during discovery, (*See* Doc. 76-1), granting such a request now is unduly burdensome and will require Corizon to sort between Health Need Requests, Informal Internal Complaints, and other similar reports from inmates. Moreover, the information most pertinent and relevant to Plaintiff is likely captured in those litigation documents which the Court has permitted Plaintiff to seek.

### iv. Financial Records from 2013-2019

Plaintiff seeks Corizon's financial records, and the financial records from Corizon's parent company and subsidiaries from 2013 to 2019. (*See* Doc. 157 at 9–10.)

Ordinarily, Fed. R. Civ. P. 26 "will not permit the discovery of facts concerning a defendant's financial status, or ability to satisfy a judgment, since such matters are not relevant, and cannot lead to the discovery of admissible evidence." Under federal law, however, Corizon's financial information is relevant to a Plaintiff's claim for punitive damages and within the scope of permissible discovery. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 269 (1981) ("By allowing juries and courts to assess punitive damages in appropriate circumstances against the offending official, based on his personal financial resources, [42 U.S.C. § 1983] directly advances the public's interest in preventing repeated constitutional deprivations."). Although the Ninth Circuit has not established "the parameters of the dissemination of financial information during discovery when punitive damages are alleged," the majority rule used by federal courts does not require the plaintiff to make a prima facie showing that punitive damages may be recovered "to discover information relating to the Defendant's financial condition in advance of trial." *EEOC v. Cal. Psych. Transitions*, 258 F.R.D. 391, 394-95 (E.D. Cal. 2009).

As such, Plaintiff is entitled to discover information relating to the Corizon's financial condition in advance of trial and without making a prima facie showing that he is entitled to recover punitive damages. The request will be restricted. Plaintiff's request for

- 8 -

production is vague as to the type of documents requested and excessive as to the time period requested. An accurate snapshot of Corizon's financial condition can be obtained without requiring it to produce all the requested documents. The Court will therefore permit disclosure of Defendant's financial records from 2020 and 2021, and any financial information available through 2022. *See E.E.O.C. v. California Psychiatric Transitions*, 258 F.R.D. 391, 395 (E.D.Cal.2009) (permitting disclosure of financial statements from 2007 and 2008, and any information available through 2009); *Lane v. Capital Acquisitions*, 242 F.R.D. 667, 670 (S.D.Fla.2005) (limiting discovery of financial documents to period of 2003 through mid–2005).

Corizon shall produce current balance sheet or net worth statement and copies of his federal income tax returns from 2020 and 2021, as well as revenue or earnings projections/results from 2022, when available. Before such financial disclosure, the Court will consider any properly filed Motion for Protective Order with respect to the financial information discussed herein and the parties should discuss a possible stipulated protective order.

**IV.   Settlement Conference**

The circumstances in this matter have changed since the first settlement conference, held in April 2021, and will likely change further following the reopening of limited discovery. The parties are encouraged to meet and confer regarding the prospect for settlement. The Court is available for assistance in settlement efforts and will assign a magistrate judge to conduct a settlement conference if both parties request it.

**V.   Order**

Plaintiff's Motion to Reopen Discovery and Extend Deadline for Filing Joint Proposed Pre-Trial Order (Doc. 157) is **GRANTED IN PART** and **DENIED IN PART**. Limited discovery is reopened as follows:

1. Plaintiff has leave to depose the following individuals:

    a) PA Nick C Salyer regarding direct medical care provided to Plaintiff;

    b) Dr. Mandip Bartels regarding her knowledge of the UM process as well as her

reasons for denying at least one outside consult request made by PA Salyer;

   c) Dr. Jennifer Tay regarding direct medical care provided to Plaintiff; and

   d) A Corizon designee(s) under Fed. R. Civ. P. 30(b)(6). The Court recognizes that Plaintiff's counsel is new to the case. Accordingly, the Court will give Plaintiff's counsel some latitude when noticing the 30(b)(6) deposition to define the 30(b)(6) categories. Corizon retains all objections to the 30(b)(6) notice once it is served.

2. Plaintiff has leave to propound a request for production of litigation documents subject to the following conditions stated above in Section III, b, i.

3. Corizon shall disclose financial records from 2020, 2021, and 2022 subject to the conditions explained herein.

4. Plaintiff's remaining requests are denied.

5. The limited discovery outlined above shall be completed within 120 days from the date of this order.

**IT IS SO ORDERED**.

Dated this 30th day of September, 2022.

_____
Honorable John C. Hinderaker
United States District Judge