1    **WO**

2

3

4

5

6                   **IN THE UNITED STATES DISTRICT COURT**

7                        **FOR THE DISTRICT OF ARIZONA**

8

9    Darren Robert Pedersen,                          No. CV-18-00513-TUC-JCH

10                        Plaintiff,                   **ORDER**

11   v.

12   Corizon Health Incorporated, et al.,

13                        Defendants.

14

15          Before the Court are two related motions: (1) Plaintiff Darren Robert Pedersen

16   ("Plaintiff") and Defendant Corizon Health, Inc.'s ("Corizon") Joint Motion to Reopen

17   Additional Discovery and Extend Discovery ("Motion II"), filed on November 22, 2022

18   (Doc. 187); and (2) Corizon's Motion to Reopen Discovery for Limited Purpose

19   ("Motion I"), filed on October 24, 2022 (Doc. 181).[1] For the following reasons, the Court

20   grants Motion II and denies Motion I.

21   **I.      Background**

22          Seeking discovery that he was unable to secure as an incarcerated pro se party,

23   Plaintiff filed a motion to reopen discovery, (*see* Doc. 157), which the Court granted in

24   part and denied in part (Doc. 180). The Court provided Plaintiff leave to conduct four

25   depositions, to propound a request for production for litigation documents with certain

26   conditions, and to obtain certain financial records from Corizon. (Doc. 180 at 9–10.)

27   Plaintiff's remaining requests were denied. (*Id.*)

28
     ────────────────
     [1] Plaintiff did not respond to or otherwise object to Motion I.

1    Three weeks later, Corizon filed Motion I seeking limited discovery. (Doc. 181.)

2    Motion I argues that because "Plaintiff will be engaging in additional discovery, such as

3    document retrieval and depositions of various fact witnesses" the "need for additional

4    discovery on Corizon's end…" is warranted. (*Id.* at 3.) In Motion I, Corizon request leave

5    to (1) depose Plaintiff; (2) retain and disclose expert witnesses; and (3) conduct an

6    Independent Medical Examination ("IME") on Plaintiff. (*See id.*)

7    In the interim, the parties jointly filed Motion II, apparently reaching consensus on

8    several items requested by Corizon in Motion I. (Doc. 187.) Both motions implicitly seek

9    to reopen discovery.

10   **I.      Legal Standard**

11   A scheduling order may be modified only for good cause and with the judge's

12   consent. Fed. R. Civ. P. 16(b)(4). Courts consider several factors when deciding whether a

13   party has shown "good cause" to reopen discovery, *see, e.g., City of Pomona v. SQM N.*

14   *Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017) (listing factors),[2] but the primary

15   consideration is whether the moving party was diligent in its attempts to complete

16   discovery in a timely manner, *see Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604,

17   609 (9th Cir. 1992) ("Rule 16(b)' s 'good cause' standard primarily considers the diligence

18   of the party seeking the amendment."). If the moving party was not diligent, the inquiry

19   should end, and the request should be denied. *Id.*

20   **II.     Analysis**

21   **A. Motion II**

22   In Motion II, the parties seek the following: (1) allow Corizon to depose Plaintiff;

23   (2) allow Corizon to conduct an independent medical examination on Plaintiff; (3) allow

24   Plaintiff to depose his new medical provider; and (4) extend the limited discovery deadline

25   from January 27, 2023, to March 24, 2023. (*See* Doc. 187.) The additional discovery,

26
27   [2] Factors the Court is to consider include: (1) whether trial is imminent, (2) whether the
     request is opposed, (3) whether the non-moving party would be prejudiced, (4) whether the
     moving party was diligent in obtaining discovery within the guidelines established by the
28   court, (5) the foreseeability of the need for additional discovery in light of the time allowed
     for discovery by the district court, and 6) the likelihood that the discovery will lead to
     relevant evidence. *City of Pomona*, 866 F.3d at 1066.

1   according to the parties, "will streamline trial and facilitate further settlement discussions."

2   (*Id.*)

3        Most of the *Pomona* factors support the additional discovery requested in Motion II.

4   Although this case has been pending since 2018, no trial date has been set in this action

5   and as noted above, limited discovery has already been granted. (*See* Doc. 180 at 4.) The

6   parties jointly filed Motion II and there is no indication that either side will be prejudiced.

7   Because the requested discovery will aid in trial preparation and resolving this case on the

8   merits, Motion II is granted.

9        **B.  Motion I**

10       Because the Court has provided Corizon leave to depose Plaintiff and conduct an

11  Independent Medical Examination, these requests are denied as moot. Corizon's remaining

12  request, to retain and disclose expert witnesses, is also denied for the following reasons.

13       Corizon argues that "[e]xpert opinions [are] relevant as to Corizon's defenses and

14  will [] aide a trier of fact as to the technical and medical aspects of Plaintiff's claims."

15  (Doc. 181 at 3.) Corizon fails to adequately describe the topics on which the experts would

16  opine or describe why this evidence is needed to explain Plaintiff's care regarding his

17  seizure disorder. For example, Plaintiff's Eighth Amendment claim alleges that Corizon

18  failed to follow specialists' recommendations and its own providers' request for outside

19  consultations. (*See* Doc. 141 at 36.) It's unclear what "technical or medical aspects" will be

20  clarified by an expert witness that could not be elicited from Corizon's fact witnesses and

21  healthcare providers. Denying Corizon's request for expert opinions is not prejudicial given

22  that Plaintiff did not request any expert opinions in his motion to reopen discovery. Further,

23  granting expert discovery, at this stage where only limited discovery has been allowed, will

24  effectively reopen the entire discovery process and cause further delay. Motion I is denied.

25

26

27

28  ///

III. **Order**

Accordingly,

**IT IS HEREBY ORDERED DENYING WITHOUT PREJUDICE** Corizon's Motion to Reopen Discovery for Limited Purpose (Doc. 181);

**IT IS FURTHER ORDERED GRANTING** the parties' Joint Motion to Reopen Additional Discovery and Extend Discovery (Doc. 187). Limited discovery is reopened as follows:

1. Defendant Corizon Health, Inc. has leave to depose Plaintiff Darren Pedersen;
2. Corizon has leave to perform an independent medical examination on Plaintiff;
3. Plaintiff has leave to depose Plaintiff's current outside medical provider; and
4. The limited discovery previously granted by this Court, located at Docket 180, and the limited discovery outlined above shall be completed no later than **March 27, 2023.**

Dated this 5th day of December, 2022.

_____
Honorable John C. Hinderaker
United States District Judge